IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **OLIVINA NAPA VALLEY LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Case No. _____ |
| ) | |
| **JOHN DOE NO. 1** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

For its *Complaint for Declaratory Judgment* against John Doe No. 1, Plaintiff Olivina Napa Valley LLC states as follows:

## PARTIES

1. Plaintiff Olivina Napa Valley LLC ("Olivina") is a Tennessee limited liability company with its principal place of business located at 3343 Aspen Grove Drive, Suite 200, in Franklin, Williamson County, Tennessee 37067.

2. Defendant John Doe No. 1 ("Doe") is an individual, male consumer who is a citizen of the State of New York. Doe is represented by The Sultzer Law Group P.C. located at 85 Civic Center Plaza, Ste. 104, Poughkeepsie, NY 12601. Doe may be served at an address which will be provided by Doe during limited discovery as allowed by Fed.R.Civ.P. 26(d).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Further, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201-02 because this *Complaint for Declaratory Judgment* sets forth a case of actual controversy within this Court's jurisdiction.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 2201 because a substantial part of the alleged events or omissions giving rise to this *Complaint for Declaratory Judgment* occurred in this District, and this matter relates to a case of actual controversy within this District.

6. This Court has personal jurisdiction over Doe because (1) Doe has purposefully availed himself of the laws of the State of Tennessee in order to represent a putative class of consumers, including Tennessee consumers, who purchased Plaintiff's products; (2) Doe has asserted claims against the Plaintiff under Tennessee and federal law for alleged activities which occurred in the State of Tennessee; and (3) Doe seeks injunctive relief against the Plaintiff pursuant to Fed.R.Civ.P. 23(b)(1) and (2) on behalf of Tennessee and other consumers throughout the United States which will directly affect the Plaintiff's business activities in the State of Tennessee. Further, the Court's exercise of personal jurisdiction over Doe is reasonable in light of Doe's actions and the consequences Doe' actions in the State of Tennessee.

## FACTS

7. Plaintiff brings this action pursuant to 28 U.S.C. §§ 2201-02 to obtain a judicial declaration that claims asserted by Doe in a proposed Class Action Complaint are without merit. Plaintiff further seeks a judicial declaration that the labels on Plaintiff's personal products, including, without limitation, Olivina Men All-In-One Body Wash Bourbon Cedar and Olivina Men Bourbon Cedar Aluminum-Free Deodorant (collectively, the "Products"), do not

2

Case 3:17-cv-01281   Document 1   Filed 09/19/17   Page 2 of 7 PageID #: 2

misrepresent the content of the Products in violation of Tennessee law, the laws of any other states where the Products are sold, and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

8. On or about August 28, 2017, Doe, through his counsel, sent Plaintiff a notice of his intent to file a class action against Plaintiff for alleged "misrepresentation regarding the 'Naturally Pure' quality" of the Products (the "Notice"). (*See* Aug. 28, 2017 Notice, attached as **Exhibit A**.)

9. Doe also asserts that he purchased the Products, which include "the prominent promise on the front labels that they are 'Naturally Pure;'" that he "read and reviewed these representations on the labels when he purchased the Products;" that "several of the ingredients in the Products are synthetic, and thus not natural;" and that "had he known that the representations on the Products are false, he would not have purchased the Products, and therefore, suffered injury." (*See* Ex. A.)

10. Doe, through his counsel, stated that Doe's Notice was sent on behalf of Doe "and a proposed class of residents of numerous states [including Tennessee] who purchased the Products at anytime during the applicable limited liability period… to advise you that Olivina Napa Valley LLC has violated and continues to violate the express warranty laws of numerous states [including Tennessee]." (*See* Ex. A.)

11. Doe, through his counsel, attached a draft Class Action Complaint to his Notice. Doe's draft Class Action Complaint is attached as **Exhibit B** to this *Complaint for Declaratory Judgment*.

12. In his Class Action Complaint, Doe alleges, among other things, that:

3

a. Plaintiff manufactures, sells and distributes the Products using the marketing and advertising campaign that the Products are "Naturally Pure," (s*ee* Ex. B, ¶ 2);

b. The labels on Plaintiff's Products are false and misleading because the Products include synthetic ingredients including (a) potassium sorbate, (b) cocamidopropyl betaine (coco betaine), (c) decyl glucoside, (d) cetyl alcohol, (e) sodium chloride, (f) propylene glycol aka propanediol, (g) panthenol, (h) citric acid, and (i) glycerin (vegetable), (s*ee* Ex. B, ¶ 7);

c. Doe and the putative class members, including Tennessee consumers, relied on Plaintiff's alleged misrepresentations that the Products are "Naturally Pure" when they purchased the Products, (s*ee* Ex. B, ¶ 3);

d. Doe and the putative class members, including Tennessee consumers, paid a premium for the Products based on the alleged misrepresentation that the Products are "Naturally Pure," (*see* Ex. B, ¶ 3); and

e. Doe and the putative class members, including Tennessee consumers, suffered injuries in the amount of the premiums paid for the Plaintiff's Products (*see* Ex. B, ¶ 3).

13. Doe, through his counsel, seeks to represent a putative class of "all consumers who purchased the Products anywhere in the United States during the Class Period." (*See* Ex. B, ¶ 35.) The putative class Doe seeks to represent includes Tennessee consumers of the Product.

14. Doe alleges that the labels on Plaintiff's Products violate "the consumer protection statutes of all 50 states," including Tennessee. Doe seeks monetary damages from the Plaintiff for

4

alleged violations of the consumer protection statutes of all 50 states, including Tennessee. (*See* Ex. B, ¶¶ 4 and 70-79.)

16. Doe further alleges that the labels on Plaintiff's Products violate the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* Doe seeks monetary damages from the Plaintiff for alleged violations of the Magnuson-Warranty Act. Moss (*See* Ex. B, ¶¶ 4 and 89-105.)

16. Doe further alleges that the labels on Plaintiffs' Products violate the "implied warranty of fitness for a particular purpose" laws of all 50 states, including Tennessee. Doe seeks monetary damages from the Plaintiff for alleged violations of the implied warranty laws of all 50 states, including Tennessee. (Ex. B, ¶¶ 4 and 106-10.)

17. Doe, through his counsel, further seeks injunctive relief pursuant to Fed.R.Civ.P. 23(b)(1) and (2), on behalf of the putative class, including Tennessee consumers. Doe seeks to enjoin the plaintiff from "continuing its misleading and deceptive marketing practices" and to require Plaintiff to "honestly disclose to consumers the nature of the content of its Products." (*See* Ex. B, ¶ 48.)

18. The relief Doe seeks against Plaintiff directly affects Plaintiff's business operations and activities in the State of Tennessee.

19. Plaintiff denies that the labels on its Products are false or misleading to the putative class, including Tennessee consumers. Plaintiff further denies that it has violated the consumer protection laws of any state where the Products are sold, including Tennessee; that it has violated the Magnuson-Warranty Act; that it has violated the express and implied warranty laws of any state where the Products are sold, including Tennessee; and that Doe is entitled to any of the injunctive relief he seeks.

## COUNT I: DECLARATORY JUDGMENT

20. Pursuant to 28 U.S.C. §§ 2201 *et seq.*, Plaintiff files this *Complaint for Declaratory Judgment* seeking, among other things, a declaration from this Court that:

   a. The labels on Plaintiff's Products are not false and misleading;

   b. The labels on Plaintiff's Products do not violate the consumer protection laws in the states where Plaintiff's Products are sold, including Tennessee;

   c. The labels on Plaintiff's Products do not violate the Magnuson-Warranty Act;

   d. The labels on Plaintiff's Products do not violate the express and implied warranty laws of any state where the Products are sold, including Tennessee; and

   e. Doe is not entitled to any of the injunctive relief he seeks on behalf of himself and the putative class members, including Tennessee consumers.

21. Based on the allegations set out in this *Complaint for Declaratory Judgment* there is clearly a ripe controversy between Plaintiff and Doe related to their respective rights and obligations. Plaintiff has advised Doe's counsel that Plaintiff does not believe Doe's claims have any merit; that Plaintiff denies the labels on its Products are false and misleading; that Plaintiff denies the labels on its Products violate any law; and that Plaintiff is filing this *Complaint for Declaratory Judgment* in this Court to seek a declaration on Doe's claims.

**WHEREFORE**, Plaintiff prays:

1. That Plaintiff be granted leave to conduct limited discovery, pursuant to Fed.R.Civ.P. 26(d)(1), to identify the name and address of Defendant Doe;

2. That after the name and address of Defendant Doe is learned, process be issued and served upon Defendant Doe;

3. That this Court declare:

   a. The labels on Plaintiff's Products are not false and misleading;

   b. The labels on Plaintiff's Products do not violate the consumer protection laws in the states where Plaintiff's Products are sold, including Tennessee;

   c. The labels on Plaintiff's Products do not violate the Magnuson-Warranty Act;

   d. The labels on Plaintiff's Products do not violate the express and implied warranty laws of any state where the Products are sold, including Tennessee; and

   e. Doe is not entitled to any of the injunctive relief he seeks on behalf of himself and the putative class members, including Tennessee consumers.

4. That the Court granted Plaintiff such further relief as the circumstances allow and require, pursuant to 28 U.S.C. § 2202.

Respectfully Submitted:

/s/ Jay S. Bowen
Jay S. Bowen, TN BPR No. 2649
John P. Nefflen, TN BPR No. 20226
Lauren E. Kilgore, TN BPR No. 30219
SHACKELFORD BOWEN MCKINLEY & NORTON
47 Music Square East
Nashville, TN 37203
Tel.: (615) 329-4440

*Attorneys for Plaintiff Olivina Napa Valley LLC*